FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 26, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES MCDONALD,<br><br>Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON and COUNTY OF CHELAN,<br><br>Respondent. | NO: 2:20-CV-68-RMP<br><br>ORDER DISMISSING PETITION AND DENYING MOTION TO EXPEDITE |

Petitioner, a resident of Wenatchee, Washington, submitted a *pro se* Petition for Writ of Habeas Corpus by a state prisoner pursuant to 28 U.S.C. § 2254 on February 19, 2020. He paid the $5.00 filing fee.

Petitioner challenges his Chelan County jury conviction for driving without a license and failing to obey a Law Enforcement Officer, for which he was sentenced to serve ten-days of incarceration. ECF No. 1 at 1. Petitioner seeks to enjoin the requirement that he report to jail to serve that term of incarceration on Friday, February 21, 2020. *Id.* at 18. He filed a Motion to Expedite Hearing on Writ of Habeas Corpus, which is noted for hearing on February 26, 2020. ECF No. 3.

ORDER DISMISSING PETITION AND DENYING MOTION TO EXPEDITE -- 1

[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack[.]" *Maleng v. Cook*, 490 U.S. 488, 490−91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). It is not clear that Mr. McDonald has satisfied this "in custody" requirement.

If a state prisoner challenges the fact or duration of his confinement or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus with its requirement of exhaustion of state remedies. *See Preiser*, 411 U.S. at 487−90. It is implausible that Petitioner could have fully exhausted his state court remedies after he was sentenced on February 4, 2020.

In addition, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. The *Younger* abstention doctrine applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 369 (1989). Petitioner indicates that he has a pending appeal. ECF No. 1 at 2.

Therefore, even if Plaintiff had adequately alleged a constitutional violation, the abstention doctrine would apply while his criminal proceedings are pending. *See Yahoo! Inc. v. La Ligue Contre le Racisme*, 433 F.3d 1199, 1224 (9th Cir. 2006); *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1030 (9th Cir. 2005).

It plainly appears from the petition and attached documents that Mr. McDonald is not entitled to relief in the Federal District Court. Therefore, **IT IS ORDERED** that the Petition, **ECF No. 1**, is **DISMISSED without prejudice** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. **IT IS FURTHER OREDERED** that the pending Motion to Expedite Hearing, **ECF No. 4**, is **DENIED as moot.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner at the last address provided, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** February 26, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge