FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT JAMES MCDONALD,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON and COUNTY OF CHELAN,<br><br>　　　　　　Respondents. | NO:  2:20-CV-68-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Petitioner Robert James McDonald's document titled, "Motion for Reconsideration Under a Writ of Coram Nobis and Vobis under Title 28 § 1651 and Rule Nisi of the All Writs Act." ECF No. 8.  Mr. McDonald is proceeding *pro se* and has paid the $5.00 filing fee.  The Court has not directed that the petition be served on Respondents.

On February 26, 2020, the Court dismissed Mr. McDonald's Petition for Writ of Habeas Corpus by a state prisoner for several reasons, including: Petitioner was not "in custody" when he submitted his petition to the Court on February 19, 2020; it was implausible that Petitioner could have fully exhausted his state court

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

1  remedies regarding a sentence imposed on February 4, 2020; and abstention under

2  *Younger v. Harris,* 401 U.S. 37 (1971), was appropriate. *See* ECF No. 6 at 2−3.

3  Petitioner now asserts his entitlement to various writs. The Court finds no basis to

4  issue any writ under 28 U.S.C. § 1651.

5        A motion for reconsideration may be reviewed under either Federal Rule of

6  Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief

7  from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

8  1993). "A district court may properly reconsider its decision if it '(1) is presented

9  with newly discovered evidence, (2) committed clear error or the initial decision

10  was manifestly unjust, or (3) if there is an intervening change in controlling law.'"

11  *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School*

12  *Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual,

13  circumstances warranting reconsideration." *School Dist. No. 1J*, 5 F.3d at 1263.

14  These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the

15  extent they are not inconsistent with applicable federal statutory provisions and

16  rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

17        In this instance, Petitioner has not presented newly discovered evidence. *See*

18  *School Dist. No. IJ,* 5 F.3d at 1263. He has not shown that the Court committed

19  clear error or that the dismissal order was manifestly unjust. Furthermore, there

20  has been no intervening change in controlling law and there are no other

21  circumstances warranting reconsideration. *Id.*

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

Accordingly, **IT IS HEREBY ORDERED**:

Petitioner's Motion for Reconsideration, **ECF No. 8**, is **DENIED**. The Clerk of Court is directed to enter this Order and provide a copy to Petitioner and to counsel for Respondent. **The file shall remain closed**. The Court certifies there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**DATED** May 21, 2020.

           *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge